DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a guilty plea in the Sandusky County Court of Common Pleas. For the reasons that follow, we affirm, in part, reverse, in part, and remand for resentencing in accordance with State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Between May and October 2004, a gang of thieves broke into outbuildings belonging to 18 rural Sandusky County residents, making off with numerous high-end riding lawn mowers and all terrain vehicles. On December 13, 2004, the Sandusky County Grand Jury handed down a 24 count indictment naming appellant, Garland Harry Teel, as a principal in these thefts. The indictment alleged that appellant directed or participated in several of the break-ins and profited from the remainder. The indictment charged five counts of breaking and entering, two counts of theft, 11 counts of receiving stolen property and one count of engaging in a pattern of corrupt activity.
 {¶ 3} Appellant initially pled not guilty, but following plea negotiations agreed to plead guilty to the charges of attempted engaging in a pattern of corrupt activity, a felony of the third degree; three counts of receiving stolen property, felonies of the fourth degree; and a single count of breaking and entering, a felony of the fifth degree. The remaining counts were to be dismissed.
 {¶ 4} At the change of plea hearing, appellant denied the first count of receiving stolen property, specifically, that he had received a stolen 2003 Yamaha Blaster four-wheel ATV. Addressing appellant, the court asked, "Well, sir, do you understand, clearly, that by entering this plea of guilty you are admitting your guilt to these offenses, and that you're as guilty as if you had gone to trial and the prosecutor presented evidence and the jury considered it and returned a verdict of guilty? Just because it's a plea and you're saying, `Well, I really can't remember all that,' it doesn't make any difference. When you enter a plea of guilty, you're just as guilty as if a jury had found you guilty. Do you understand?" Appellant answered, yes. The court accepted the guilty plea and ordered a presentence report.
 {¶ 5} At sentencing, the court found that the maximum prison term should be imposed based on appellant's prior criminal history. Appellant was sentenced to five years in prison, pursuant to R.C. 2929.14(C).
 {¶ 6} On appeal, the appellant sets forth two assignments of error:
 {¶ 7} "I. The guilty plea entered by the appellant is invalid and not in accordance with law due to the trial court's acceptance of the plea in the absence of a showing of subject matter jurisdiction, to wit, proper venue.
 {¶ 8} "II. The trial court, in imposing the maximum prison sentence permitted for the offense, erred in applying sentencing factors subsequently held to be unconstitutional."
 I. Venue {¶ 9} In his assignment of error, appellant asserts that the state did not prove "subject matter jurisdiction, to wit, proper venue." Venue and subject matter jurisdiction are distinct legal concepts. State v. Bobinchuck (Sept. 13, 2000), 9th Dist. No. 19536. R.C. 2901.12 permits a criminal case to he heard in any territory where an offense or an element of an offense was committed. Moreover, while it is true that venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant, State v. Draggo (1981), 65 Ohio St.2d 88, 90, a guilty plea constitutes such a waiver and precludes a defendant from challenging the factual issue of venue on appeal. Crim.R. 11; State v. McCartney (1988), 55 Ohio App.3d 170.
 {¶ 10} In this case, appellant entered a plea of guilty to the amended charges pursuant to a negotiated plea agreement. Appellant, therefore, is precluded from challenging this factual issue on appeal. Accordingly, appellant's first assignment of error is not well-taken.
 II. Imposition of Sentence {¶ 11} In his second assignment of error, appellant complains that the trial court's imposition of non-minimum sentences violated his Sixth Amendment rights pursuant to Blakely v.Washington (2004), 542 U.S. 296. Appellee concedes this point. See State v. Foster, supra, at paragraph one of the syllabus. Accordingly, appellant's second assignment of error is well-taken. In conformity with Foster, at ¶ 106, the sentence imposed is vacated and this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 12} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for further proceedings in conformity with this decision. Appellee is ordered to pay the costs of this appeal, pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Glasser, J. concur.