[Cite as *State v. Cobb*, 2014-Ohio-1923.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26847 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD J. COBB | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 07 1887 |

DECISION AND JOURNAL ENTRY

Dated: May 7, 2014

BELFANCE, Presiding Judge.

**{¶1}** Chad Cobb appeals from his convictions in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

**{¶2}** On July 9, 2012, Mr. Cobb was indicted for aggravated murder and kidnapping. By way of a supplemental indictment on August 15, 2012, Mr. Cobb was charged with three counts of aggravated murder, each with two capital specifications, and one count each of kidnapping, aggravated robbery, felonious assault, retaliation, tampering with evidence, grand theft, abuse of a corpse, possessing criminal tools, and domestic violence. Following the supplemental indictment, Mr. Cobb's retained counsel withdrew, and new counsel was appointed.

**{¶3}** Mr. Cobb pleaded guilty to aggravated murder, kidnapping, aggravated robbery, felonious assault, retaliation, tampering with evidence, grand theft, abuse of a corpse, possessing

criminal tools, and domestic violence. All of the capital specifications were dismissed along with the remaining charges, and the trial court sentenced Mr. Cobb to the agreed aggregate term of life in prison without the possibility of parole. Mr. Cobb has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE AGGRAVATED MURDER ISSUE AGAINST APPELLANT IN VIOLATION OF ARTICLE [I] SECTION 10 OF THE OHIO CONSTITUTION[.]

{¶4} In Mr. Cobb's first assignment of error, he argues that the trial court did not have subject matter jurisdiction over his case because the State "failed to establish that the death occurred in Summit County." We disagree.

{¶5} Although Mr. Cobb frames his argument in terms of subject-matter jurisdiction, it is actually one of venue. Venue and subject-matter jurisdiction are distinct legal concepts. *See State v. Bobinchuck*, 9th Dist. Summit No. 19536, 2000 WL 1287296, *1 (Sept. 13, 2000). "'Jurisdiction' means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. "It is only when the trial court lacks subject matter jurisdiction that its judgment is void[.]" (Internal quotations and citations omitted.) *Id*. at ¶ 12. "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* at ¶ 11

{¶6} By contrast, "venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). "Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter[.]"

*Id.* Article I, Section 10 of the Ohio Constitution provides, in pertinent part, that "[i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." "Generally, this rule is preserved in R.C. 2901.12, Ohio's venue statute, although the Committee Comment to that statute notes that provision is also made for the mobile offender whose course of criminal conduct affects a number of jurisdictions." *Headley* at 477.

{¶7} Mr. Cobb does not challenge the trial court's statutory or constitutional authority over this criminal matter. Rather, his argument that the murder did not occur in Summit County goes to venue, not subject matter jurisdiction. *See Pratts* at ¶ 11-13; *Headley* at 477. *See also* R.C. 2931.03 (establishing jurisdiction of common pleas courts over criminal offenses committed by adults subject to certain exceptions). The indictment issued in this case contained an allegation that all of the crimes occurred in Summit County. Mr. Cobb's guilty plea constituted a complete admission of guilt to the crimes charged in the indictment. *See* Crim.R. 11(B)(1); *State v. Pulizzi*, 9th Dist. Summit No. 20729, 2002-Ohio-2209, ¶ 29, citing *Shie v. Leonard*, 84 Ohio St.3d 160, 161 (1998). Therefore, because the indictment alleged that all the crimes occurred in Summit County, Mr. Cobb admitted that fact by pleading guilty. *See also State v. Teel*, 6th Dist. Sandusky No. S-06-011, 2006-Ohio-5281, ¶ 9 ("[A] guilty plea constitutes such a waiver [of venue] and precludes a defendant from challenging the factual issue of venue on appeal.").

{¶8} Accordingly, Mr. Cobb's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN RETAINED COUNSEL FAILED TO SHOW UP AT A MOTION TO DISMISS HEARING IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION[.]

{¶9} Mr. Cobb argues in his second assignment of error that he received ineffective assistance of counsel. We disagree.

{¶10} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984).

{¶11} Prior to his indictment by the grand jury in this case, Mr. Cobb was held on a complaint filed with the Barberton Municipal Court. Mr. Cobb's attorney filed a motion for his immediate release because more than ten days had passed since his arraignment without a preliminary hearing. *See* Crim.R. 5(B)(1). A hearing was scheduled on his motion, but his counsel did not attend the hearing. The trial court subsequently denied Mr. Cobb's motion.

{¶12} Mr. Cobb argues that his counsel's failure to appear at the hearing on his motion constituted ineffective assistance. However, because he pleaded guilty, Mr. Cobb must be able to show that there is a reasonable probability that he would not have pleaded guilty but for his counsel's performance in order to prevail on a claim of ineffective assistance. *State v. Taylor*, 6th Dist. Lucas No. L-10-1302, 2011-Ohio-5462, ¶ 19. *See also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Thus, assuming that his counsel's performance fell below an objective standard of reasonableness, Mr. Cobb has not explained how his counsel's failure to appear at a hearing more than six months prior to his pleading guilty affected his decision to plead guilty, and we will not develop an argument for him.[1] *See* App.R. 16(A)(7); *State v. Harmon*, 9th Dist. Summit. No. 26426, 2013-Ohio-2319, ¶ 6. *See also State v. Spates*, 64 Ohio St.3d 269 (1992), paragraph two of the syllabus ("A defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding.").

{¶13} Accordingly, Mr. Cobb's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

APPELLANT'S TRIAL COUNSEL WAS IMPROPERLY ALLOWED TO WITHDRAW THUS DENYING APPELLANT THE RIGHT TO RETAINED COUNSEL OF HIS CHOICE IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION[.]

{¶14} Mr. Cobb argues that the trial court violated his right to counsel by permitting his original counsel to withdraw. We disagree.

{¶15} Following Mr. Cobb's supplemental indictment, his retained counsel moved to withdraw as retained counsel, which the trial court permitted. Counsel then asked the court to appoint him as counsel, noting that he had represented Mr. Cobb throughout the two months of

---

[1] We also note that Mr. Cobb does not develop an argument as to how his counsel's failure to appear at the hearing affected the outcome of the motion at issue in that hearing. *See* App.R. 16(A)(7); *State v. Harmon,* 9th Dist. Summit. No. 26426, 2013-Ohio-2319, ¶ 6. He does not discuss the merits of the motion, only that the trial court mentioned in its order denying it that his counsel did not appear.

the case and that he had not been paid in relation to his representation. The trial court found Mr. Cobb to be indigent and indicated that it would take counsel's request to be appointed under advisement. Ultimately, the trial court appointed different counsel to represent Mr. Cobb.

{¶16} We initially note that Mr. Cobb's entire argument focuses on the trial court's decision to allow his original counsel to withdraw as retained counsel, arguing that the trial court failed to enforce the Rules of Professional Conduct. However, Mr. Cobb has not cited any authority that a trial court permitting counsel to withdraw upon request interferes with a defendant's right to counsel of his or her choice, nor has he developed any argument tying a failure to precisely follow the Rules of Professional Conduct to a deprivation of his Sixth Amendment right to counsel. *See* App.R. 16(A)(7). In any case, even assuming that the trial court's decision to permit counsel to withdraw did affect Mr. Cobb's Sixth Amendment rights, that decision was a final, appealable order and, therefore, outside the scope of this appeal. *See State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, syllabus ("A pretrial ruling removing a criminal defendant's retained counsel of choice is a final order subject to immediate appeal."); App.R. 4(A) (Notice of appeal must be filed within 30 days of the entry of judgment or order appealed.).

{¶17} We also note that "[t]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). During the hearing at which Mr. Cobb's retained counsel withdrew, Mr. Cobb told the trial court that he was indigent, and Mr. Cobb's retained counsel told the trial court that Mr. Cobb had not paid him for his representation in the case. Mr. Cobb does not dispute on appeal that he was indigent or that he required the appointment of counsel. Because Mr. Cobb required the appointment of counsel, he was not constitutionally entitled to counsel of his choice. *See id.*

*See also State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 64 ("In general, an indigent defendant does not have a constitutional right to choose the attorney who will represent him or her at state expense. [T]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.") (Internal quotations and citations omitted.).

{¶18} Mr. Cobb's third assignment of error is overruled.

III.

{¶19} Mr. Cobb's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

 

EVE V. BELFANCE
FOR THE COURT

 

 

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.