[Cite as *State v. Hale*, 2017-Ohio-7048.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TERRY WADE HALE

    Appellant

C.A. No.    28334

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 05 1532 (B)

DECISION AND JOURNAL ENTRY

Dated: August 2, 2017

TEODOSIO, Judge.

{¶1}    Appellant, Terry Wade Hale, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    The National Precursor Log Exchange ("NPLEx") is an "electronic system for tracking sales of pseudoephedrine products and ephedrine products on a national basis * * *." R.C. 3715.05(A)(6). While monitoring the NPLEx live-time feed, a Brimfield police officer saw that Ms. Lisa Herczec had just purchased products containing pseudoephedrine from the Brimfield Walmart. The officer went to the store's parking lot and watched Ms. Herczec exit the store and join another man, later identified as R.S., by a vehicle that appeared to be broken down. Ms. Herczec's NPLEx purchase history showed that she had been purchasing a lot of pseudoephedrine and that she associated with Mr. Hale, who had prior methamphetamine-related activity. Mr. Hale also had an active warrant for his arrest.

{¶3}    Mr. Hale soon appeared at the broken-down vehicle.  Another officer arrived and both officers approached the group together.  They detained Mr. Hale on his outstanding warrant.  Ms. Herczec initially told the officers that she bought the pseudoephedrine for her allergies, but later admitted that she bought it for Mr. Hale and said that he was manufacturing methamphetamine at his house in Akron.  She provided the officers with Mr. Hale's address and they notified Akron police.  The agency with the active warrant eventually informed Brimfield police that it did not want to pick up Mr. Hale on the warrant, so all three individuals were released and they waited for a ride in the Walmart parking lot.

{¶4}    Meanwhile, based on the information from Brimfield police, Akron police officers investigated and discovered an active methamphetamine lab at Mr. Hale's residence.  Akron police then asked Brimfield police to arrest Mr. Hale and Ms. Herczec.  Upon execution of a search warrant for the residence, officers discovered many items related to the manufacture of methamphetamine.

{¶5}    Mr. Hale was indicted on multiple drug-related charges.  He filed a motion to suppress and the trial court held a hearing over the span of two days.  The court denied the motion.  After a jury trial, Mr. Hale was found guilty of illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, aggravated possession of drugs, and illegal use or possession of drug paraphernalia.  The illegal manufacturing and illegal assembly offenses were merged for sentencing and Mr. Hale was sentenced to a total of nine years in prison.

{¶6}    Mr. Hale now appeals from his convictions and raises one assignment of error for this Court's review.

II.

**<u>ASSIGNMENT OF ERROR ONE</u>**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS.

**{¶7}** In his sole assignment of error, Mr. Hale argues that the trial court erred in denying his motion to suppress. We disagree.

**{¶8}** A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

*State v. Oberholtz*, 9th Dist. Summit No. 27972, 2016-Ohio-8506, ¶ 5, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

**{¶9}** The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Article I, Section 14, of the Ohio Constitution contains nearly identical language. "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies." *State v. Hetrick*, 9th Dist. Lorain No. 07CA009231, 2008-Ohio-1455, ¶ 19, citing *Katz v. U.S.*, 389 U.S. 347, 357 (1967). "One well-delineated exception to the warrant requirement occurs where police officers perform an investigatory stop based on their reasonable suspicion that criminal activity is afoot." *State v. Jackson*, 9th Dist. Lorain No. 14CA010555, 2015-Ohio-2473, ¶ 13, citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

{¶10} Mr. Hale argues that the Brimfield officers did not have reasonable suspicion, based on specific, articulable facts, that criminal activity was afoot to: (1) justify going to the Walmart parking lot to investigate Ms. Herczec's purchase of pseudoephedrine; (2) question Ms. Herczec or R.S. about the pseudoephedrine purchase; or (3) detain or *Mirandize* Ms. Herczec. *See Miranda v. Arizona*, 384 U.S. 436 (1966). He argues that the testimony of several officers at the suppression hearing indicated that they "acted without any objective justification, and on nothing more than an 'inchoate suspicion' or a 'hunch' of criminal activity."

{¶11} We first note that Mr. Hale did not raise the above issues in his motion to suppress or at the suppression hearing and he may not now argue them for the first time on appeal. *See State v. Nestor*, 9th Dist. Summit No. 27800, 2016-Ohio-1333, ¶ 18. Mr. Hale argued at the trial court level that his warrantless arrest was unreasonable per se. At the hearing, he relied on *Heston* and argued that a warrantless arrest is only valid "where the arresting officer has probable cause to believe that a felony was committed by [the] defendant *and* the circumstances are such as to make it impracticable to secure a warrant." (Emphasis added.) *State v. Heston*, 29 Ohio St.2d 152 (1972), at paragraph two of the syllabus. Mr. Hale's contention was that since the police had time to secure a search warrant for the house, they should have also secured an arrest warrant for him, and that the State subsequently failed to show that it was impracticable to obtain an arrest warrant.

{¶12} Furthermore, Mr. Hale's new arguments concern the constitutional rights of third parties. "Fourth Amendment rights are personal in nature and may not be vicariously asserted by others." *State v. Dennis*, 79 Ohio St.3d 421, 426 (1997). It has been well-established that:

> [S]uppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated * * *, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.

*Alderman v. United States*, 394 U.S. 165, 171-172 (1969).

**{¶13}** Accordingly, we will not address the merits of Mr. Hale's new arguments concerning the investigating, questioning, or detaining of Ms. Herczec or R.S., which have been raised for the first time on appeal.

**{¶14}** Mr. Hale's sole assignment of error is overruled.

### III.

**{¶15}** Mr. Hale's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.