[Cite as *State v. Trice*, 2018-Ohio-78.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MYLES TRICE

    Appellant

C.A. No.     28636

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2017 01 0085

DECISION AND JOURNAL ENTRY

Dated: January 10, 2018

TEODOSIO, Judge.

{¶1} Appellant, Myles M. Trice, appeals from his convictions in the Summit County Court of Common Pleas. We affirm.

I.

{¶2} Two Akron police officers on patrol one night noticed a parked car occupied by several people in an otherwise vacant parking lot. Upon checking the license plate number, they discovered that the female owner of the vehicle had an outstanding warrant. They saw a female in the driver's seat, so the officers conducted a traffic stop of the vehicle.

{¶3} The officers noticed a strong odor of marijuana emanating from the vehicle. They detained the driver on her warrant and anticipated towing the vehicle. Mr. Trice was in the front passenger seat and was asked to step out of the vehicle. Officer Hudnall asked Mr. Trice if he had any weapons on him and Mr. Trice said, "No." The officer performed a protective patdown for weapons and felt a gun in Mr. Trice's abdomen area. Mr. Trice was arrested and searched

incident to arrest. He was charged with carrying concealed weapons and possession of marijuana.

{¶4} Mr. Trice filed a motion to suppress, which was denied by the trial court. He then pled no contest to the indictment and the trial court found him guilty of the offenses. The trial court sentenced him to twelve months in prison, suspended the prison sentence, and placed him on two years of community control.

{¶5} Mr. Trice now appeals from his convictions and raise one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS, VIOLATING MR. TRICE'S FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE.

{¶6} In his sole assignment of error, Mr. Trice argues that the trial court erred in denying his motion to suppress because the police officers did not have a reasonable suspicion to believe Mr. Trice was armed in order to justify a patdown for weapons. We disagree.

{¶7} A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

*State v. Oberholtz*, 9th Dist. Summit No. 27972, 2016-Ohio-8506, ¶ 5, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Article I, Section 14, of the Ohio Constitution contains nearly identical language. "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies." *State v. Hetrick*, 9th Dist. Lorain No. 07CA009231, 2008-Ohio-1455, ¶ 19, citing *Katz v. United States*, 389 U.S. 347, 357 (1967).

{¶9} One such exception is that "a police officer may conduct a brief, warrantless search of an individual's person for weapons if the officer has a reasonable and articulable suspicion that the 'individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others.'" *State v. Wade*, 9th Dist. Summit No. 26275, 2012-Ohio-4255, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968). "'The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence.'" *Wade* at ¶ 8, quoting *State v. Evans*, 67 Ohio St.3d 405, 408 (1993), quoting *Adams v. Williams*, 407 U.S. 143, 146 (1972).

{¶10} Reasonable suspicion is something less than probable cause and is based on the totality of the circumstances. *State v. Hahn*, 9th Dist. Summit No. 28079, 2016-Ohio-7585, ¶ 8. An analysis of whether reasonable suspicion existed requires this Court to look at "the facts available to the officer at the moment of the seizure or the search" and consider whether those facts would "warrant a man of reasonable caution in the belief that the action taken was appropriate." *State v. Smiley*, 9th Dist. Summit No. 23815, 2008-Ohio-1915, ¶ 19, quoting *State v. Bobo*, 37 Ohio St.3d 177, 178-179 (1988), quoting *Terry* at 21-22.

{¶11} It is well-settled that "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). "To justify a patdown of the driver or a passenger during a traffic stop, * * * just as in the case of a pedestrian reasonably suspected of criminal activity, the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009).

{¶12} At the suppression hearing, Akron Police Officers Jeremy Sosenko, Thomas Hudnall, Devin Lane, and Amber Lowe all provided very similar and consistent testimony as to the circumstances surrounding the traffic stop in this case. Around midnight on January 7, 2017, Officers Sosenko and Hudnall were on patrol and noticed a parked car occupied by several people in a poorly lit and otherwise vacant parking lot near 15th Street Southwest and Kenmore Boulevard in Akron, Ohio. All four officers testified that the surrounding area, which included two bars and some drug houses, was a high crime area where fights, shootings, and homicides were known to occur. Officers Sosenko and Hudnall ran the license plate number of the vehicle and discovered that the female owner of it had an outstanding warrant. The officers could see a female in the driver's seat, so they conducted a traffic stop of the vehicle.

{¶13} When the two officers approached the vehicle, they noticed a strong odor of marijuana emanating from it. The officers both testified that due to the strong odor of marijuana, they were concerned someone in the vehicle could be armed because, in their experience, drugs are usually accompanied by weapons. The active warrant for the driver raised further suspicions for Officer Hudnall. Officer Sosenko testified that the occupants "seemed like they were high" because they were slow to respond to questions. The officers confirmed the driver's identity and detained her. As they transferred her to the back of their patrol car, Officers Devin Lane and

Amber Lowe arrived at the scene as backup. Officer Lane testified that he also smelled marijuana coming from the vehicle.

{¶14} Anticipating towing the vehicle after the driver was detained for her warrant, the officers began asking the other four occupants to step out of the vehicle one at a time. Mr. Trice was in the front passenger seat. Although all of the officers testified that they did not observe the occupants of the vehicle making any furtive movements, Mr. Trice placed his hands inside of his pockets one time. Officer Hudnall asked Mr. Trice to take his hands out of his pockets and Mr. Trice complied. When Mr. Trice exited the vehicle, Officer Hudnall asked him if he had any weapons on him and Mr. Trice said, "No." Officer Lane testified that Mr. Trice was acting nervous and his voice was quiet. Officer Hudnall performed a protective patdown for weapons and felt what he immediately recognized as a gun in Mr. Trice's abdomen area. Mr. Trice was handcuffed and arrested.

{¶15} The trial court found that, based on the totality of the circumstances, the officers had a reasonable suspicion that Mr. Trice could be armed and dangerous and they were therefore permitted to conduct a limited patdown search of Mr. Trice for weapons. In its order, the court summarized the totality of the circumstances in this case as follows:

> The stop occurred in a high crime area known for guns and weapons, the event occurred in the late hours during cover of darkness, it was difficult for the officers to observe what four different passengers crowded into the vehicle were doing with only limited light available from flashlights, the area was open and the officers lacked cover from attack, and the officers' frequent experience with guns and other weapons discovered during traffic stops. The heavy smell of marijuana in the vehicle contributed to the legitimate concern that other illegal substances may be present and, along with those other substances, guns and weapons could be present to protect their possession. * * * [A]dditional potential danger occurs when removing multiple passengers from the vehicle without a pat down search.

{¶16} After a review of the suppression hearing transcript, we accept the trial court's findings of fact as supported by competent and credible evidence. We conclude that the trial

court did not err in denying Mr. Trice's motion to suppress, as the trial court properly concluded that, based on the totality of the circumstances, the officers possessed a reasonable suspicion that Mr. Trice was armed and dangerous and subsequently conducted a lawful, limited patdown of Mr. Trice for weapons.

{¶17} Mr. Trice's sole assignment of error is overruled.

III.

{¶18} Mr. Trice's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

JACLYN PALUMBO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.