[Cite as *State v. Hale*, 2019-Ohio-3466.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29096 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRY WADE HALE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 05 1532B |

DECISION AND JOURNAL ENTRY

Dated: August 28, 2019

TEODOSIO, Presiding Judge.

**{¶1}** Appellant, Terry Wade Hale, appeals from the denial of his motion for a new trial in the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This Court previously summarized the underlying facts of this case as follows:

The National Precursor Log Exchange ("NPLEx") is an "electronic system for tracking sales of pseudoephedrine products and ephedrine products on a national basis * * *." R.C. 3715.05(A)(6). While monitoring the NPLEx live-time feed, a Brimfield police officer saw that Ms. Lisa Herczec had just purchased products containing pseudoephedrine from the Brimfield Walmart. The officer went to the store's parking lot and watched Ms. Herczec exit the store and join another man, later identified as R.S., by a vehicle that appeared to be broken down. Ms. Herczec's NPLEx purchase history showed that she had been purchasing a lot of pseudoephedrine and that she associated with Mr. Hale, who had prior methamphetamine-related activity. Mr. Hale also had an active warrant for his arrest.

Mr. Hale soon appeared at the broken-down vehicle. Another officer arrived and both officers approached the group together. They detained Mr. Hale on his outstanding warrant. Ms. Herczec initially told the officers that she bought the pseudoephedrine for her allergies, but later admitted that she bought it for Mr.

Hale and said that he was manufacturing methamphetamine at his house in Akron. She provided the officers with Mr. Hale's address and they notified Akron police. The agency with the active warrant eventually informed Brimfield police that it did not want to pick up Mr. Hale on the warrant, so all three individuals were released and they waited for a ride in the Walmart parking lot.

Meanwhile, based on the information from Brimfield police, Akron police officers investigated and discovered an active methamphetamine lab at Mr. Hale's residence. Akron police then asked Brimfield police to arrest Mr. Hale and Ms. Herczec. Upon execution of a search warrant for the residence, officers discovered many items related to the manufacture of methamphetamine.

*State v. Hale*, 9th Dist. Summit No. 28334, 2017-Ohio-7048, ¶ 2-4. After a jury trial, Mr. Hale was convicted of illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, aggravated possession of drugs, and illegal use or possession of drug paraphernalia. *Id.* at ¶ 5. The trial court sentenced him to nine years in prison. *Id.* His convictions were affirmed on appeal. *Id.* at ¶ 15.

{¶3} After this Court affirmed his convictions and the Supreme Court of Ohio declined to accept jurisdiction, *see State v. Hale*, 152 Ohio St.3d 1489, 2018-Ohio-2154, the trial court denied Mr. Hale's pending motion for a new trial.

{¶4} Mr. Hale now appeals from the trial court's denial of his motion for a new trial and raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT[']S MOTION FOR A NEW TRIAL AS ITS RULINGS PREVENTED THE DEFENDANT FROM HAVING A FAIR TRIAL.

{¶5} In his first assignment of error, Mr. Hale argues that the trial court erred in denying his motion for a new trial because: (1) the State failed to provide discovery; (2) no evidence as to the crime being committed within the vicinity of a school was introduced; (3)

evidence of the distance from a school should have been excluded; (4) the defense was unable to call an expert to testify and rebut the distance evidence; and (5) no evidence of a prior conviction was introduced.

{¶6} "Crim.R. 33(A) allows a defendant to move for a new trial when his substantial rights have been materially affected." *State v. Prade*, 9th Dist. Summit No. 28193, 2018-Ohio-3551, ¶ 14. Mr. Hale filed his motion for a new trial pursuant to Crim.R. 33(A)(1), (4), and (5), which provide that a new trial may be granted for any of the following causes materially affecting his substantial rights:

> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> * * *
>
> (4) That the verdict is not sustained by sufficient evidence or is contrary to law. * * *;
>
> (5) Error of law occurring at the trial[.]

{¶7} This Court reviews a trial court's decision to deny a motion for new trial for an abuse of discretion. *State v. Pyle*, 9th Dist. Summit No. 28802, 2018-Ohio-3160, ¶ 47. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Under this particular assignment of error, we note that Mr. Hale now relies exclusively on Crim.R. 33(A)(2) and claims he should have been granted a new trial due to "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state[.]" The record is

clear, however, that Mr. Hale filed his motion for a new trial at the trial court level explicitly pursuant to Crim.R. 33(A)(1), (4), and (5). Moreover, Crim.R. 33(C) requires affidavits which support any motion alleging grounds under Crim.R. 33(A)(2), but the record here contains no such affidavits. *See Pyle* at ¶ 50. Nonetheless, because Mr. Hale never raised a claim of jury, prosecutor, or witness misconduct under Crim.R. 33(A)(2) in his motion for a new trial, he is barred from raising one now for the first time on appeal. *See State v. Gibson*, 2d Dist. Greene No. 2017-CA-47, 2018-Ohio-3809, ¶ 58; *State v. Siller*, 8th Dist. Cuyahoga No. 90865, 2009-Ohio-2874, ¶ 119; *State v. Anderson*, 6th Dist. Lucas No. L-07-1351, 2008-Ohio-5791, ¶ 27.

{¶9} Mr. Hale's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF PRIOR APPELLANT (SIC) COUNSEL.

{¶10} In his second assignment of error, Mr. Hale argues that he previously received ineffective assistance of appellate counsel in his direct appeal from his convictions. *See State v. Hale*, 9th Dist. Summit No. 28334, 2017-Ohio-7048. However, an application for reopening under App.R. 26(B) is the appropriate remedy for asserting a claim for ineffective assistance of appellate counsel. *State v. Buck*, 9th Dist. Summit No. 27597, 2017-Ohio-273, ¶ 19. We note that Mr. Hale did, in fact, file an application for reopening pursuant to App.R. 26(B) in his prior appeal, which was denied by this Court. *See Hale*, 9th Dist. Summit No. 28334 (Mar. 2, 2018).

{¶11} Because Mr. Hale's claim of ineffective assistance of appellate counsel is not properly before us, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT DENIED DUE PROCESS AND EQUAL PROTECTION BY USE OF BLANKET POLICIES REFUSING AGREED PLEA BARGAIN, REVOKING BOND, AND DENYING CHOICE OF COUNSEL.

{¶12} In his third assignment of error, Mr. Hale argues that the trial court erred in rejecting his plea bargain, revoking his bond when he arrived late for trial, and denying him his choice for appellate counsel. We disagree.

{¶13} Unlike in his first assignment of error, Mr. Hale does not explicitly state he is relying on Crim.R. 33(A)(2) in his third assignment of error. Mr. Hale first argues that the trial court maintained a "blanket policy" to *never* grant bonds pending appeal, and the court therefore rejected his plea deal specifically on that basis. *See, e.g., State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 51 ("[S]everal Ohio courts have determined that a trial court abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case."). The record before us reveals that, at a pretrial conference, the trial court was amenable to accepting Mr. Hale's plea of no contest, but stated that it would not be inclined to grant a bond pending appeal. Mr. Hale  not the trial court  then explicitly rejected the State's plea offer on the record:

> THE COURT: And then secondly, we did have some discussions in chambers about a potential resolution for Mr. Hale, which was conditioned on a no contest plea, which the Court did not object to that given the circumstances presented.
>
> But it was also conditioned on an appellate bond, which the Court did indicate I would not be inclined to do.
>
> MR. LUDWIG: It is, Your Honor. That was an important condition for Mr. Hale.
>
> THE COURT: Okay. So with that in mind then, you're rejecting the State's offer?
>
> MR. LUDWIG: I must reluctantly do so with my client's concurrence, Your Honor.

Nothing in the record suggests that the trial court maintained a blanket policy against granting bonds pending appeal in *all* cases, as Mr. Hale now suggests. "[T]he granting of bail is strictly within the discretion of the courts [and t]here is no bail on appeal as a matter of right." *Coleman v. McGettrick*, 2 Ohio St.2d 177, 179 (1965). *See also* R.C. 2949.02(A); App.R. 8(A). The trial court's order denying Mr. Hale's motion for a new trial further states that the court never rejected any plea deal, but instead simply indicated it would not be willing to grant a bond pending appeal in this particular matter. The order explains that bond was not appropriate under the circumstances because Mr. Hale lives out of state, appeared late for his jury trial, and was facing mandatory prison time. We discern no abuse of discretion from the trial court's disinclination to grant Mr. Hale a bond pending appeal in this matter, and further find no merit in Mr. Hale's argument to the contrary.

{¶14} Mr. Hale also argues that the trial court employed a "double standard" by revoking his bond when he arrived late to his trial, yet imposing no sanction on the prosecutor for being late the following morning. He contends that he then had to appear at trial without access to toiletries, while wearing the same clothes each day and being escorted by deputies. This argument is indeed perplexing, as Mr. Hale perhaps misunderstands that he alone not the prosecutor faced a litany of serious felony charges and was permitted by the court to be released on bond prior to his trial. "The purpose of bail is to ensure that the accused appears at all stages of the criminal proceedings." *State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 9, citing *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). *See also* R.C. 2937.22(A) (stating bail is security for the appearance of an accused to appear). "Any person who fails to appear before any court as required is subject to the punishment provided by the law * * *." Crim.R. 46(I). Mr. Hale offers no citations to any authorities, statutes, or parts of the record to

demonstrate how the revocation of his bond for his tardiness on the day of trial prevented him from having a fair trial. *See* App.R. 16(A)(7). We determine that the trial court acted within its discretion in revoking Mr. Hale's bond, and we find no merit in his questionable and unsupported argument to the contrary.

{¶15} Mr. Hale next argues that he was denied his choice of appellate counsel when the trial court appointed a different attorney than trial counsel to represent him on appeal. We first note that "'[t]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them.'" *State v. Cobb*, 9th Dist. Summit No. 26847, 2014-Ohio-1923, ¶ 17, quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). The trial court's order denying his motion for a new trial further explains that the court typically appoints a different attorney than trial counsel to represent defendants on appeal to preserve all potential appellate issues, including ineffective assistance of trial counsel. Nothing in the record before us indicates that Mr. Hale objected to the trial court's appointment of a different attorney for purposes of appeal. Notwithstanding, Mr. Hale directs us to no authority supporting his contention that the appointment of different counsel for appellate purposes prevented him from having a fair trial. *See* App.R. 16(A)(7). We thus find no merit in this speculative and unsupported argument.

{¶16} Mr. Hale briefly concludes his arguments under this assignment of error by once again revisiting his claim that prior appellate counsel was ineffective for not raising the aforementioned issues in his direct appeal from his convictions. As we previously determined under his second assignment of error, however, such arguments are not properly before us at this juncture. *See Buck*, 2017-Ohio-273, at ¶ 19.

{¶17} Mr. Hale's third assignment of error is overruled.

III.

{¶18} Mr. Hale's first, second, and third assignments of error are all overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RHONDA KOTNIK, Attorney at Law, for Appellant.

MARK LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.