[Cite as *Guzman v. Smarr*, 2012-Ohio-3522.]

STATE OF OHIO    )     IN THE COURT OF APPEALS
          )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

JOSE M. GUZMAN        C.A. No.   11CA010038

   Appellant

   v.            APPEAL FROM JUDGMENT
                ENTERED IN THE
CYNTHIA SMARR, et al.      COURT OF COMMON PLEAS
                COUNTY OF LORAIN, OHIO
   Appellees         CASE No.  10JG31036

DECISION AND JOURNAL ENTRY

Dated: August 6, 2012

BELFANCE, Judge.

**{¶1}** Jose Guzman appeals from the juvenile court's dismissal of his complaint seeking custody of his biological daughter A.H. For the reasons set forth below, we affirm.

I.

**{¶2}** When A.H. was less than 10-months-old, the Probate Division of the Lorain County Court of Common Pleas appointed Shelley Hill to be her guardian. Just before A.H.'s second birthday, Mr. Guzman filed a complaint in the Juvenile Division of the Lorain County Court of Common Pleas alleging that he was A.H.'s biological father and requesting custody of A.H. Ms. Hill moved to dismiss the complaint, arguing that the juvenile court lacked jurisdiction to award custody because the guardianship existed. In response, Mr. Guzman alleged that the guardianship was void because he had not been served with notice of the guardianship proceedings, and, therefore, the juvenile court had jurisdiction to award him custody. The magistrate recommended that the complaint be dismissed, and the juvenile court adopted the

magistrate's decision over Mr. Guzman's objections.  Mr. Guzman has appealed, raising a single assignment of error.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT THE JUVENILE DIVISION OF THE LORAIN COUNTY COMMON PLEAS COURT HAD NO JURISDICTION TO DECLARE A JUDGMENT OF THE PROBATE DIVISION VOID.

{¶3}    Mr. Guzman makes a very specific argument in this appeal.  In his complaint, he alleged that Ms. Hill was A.H.'s guardian.  Thus, he does not dispute that the probate court appointed Ms. Hill to be A.H.'s guardian, nor does he argue that, if the guardianship is valid, that the juvenile court erred by dismissing his complaint.  Instead, Mr. Guzman argues that the guardianship was void for want of personal jurisdiction over him, and, therefore, the juvenile court should have ignored the probate court's judgment as being a nullity and addressed Mr. Guzman's complaint for custody.

{¶4}    However, Mr. Guzman points to no evidence in the record that supports his argument that the guardianship, which he does not dispute was issued, is void.  *See* App.R. 16(A)(7).  A party seeking to collaterally attack an allegedly void judgment bears the burden of demonstrating that the judgment is void.  *See Tadiran Electronics Indus., Inc. v. Radiant Sys. Ents., Inc.*, 10th Dist. 89AP-1512, 1990 WL 122607, *2 (Aug. 23, 1990).  There is no evidence in the record of any kind regarding whether Mr. Guzman was served with notice of the guardianship proceedings or even whether he was a father who could have been identified with reasonable diligence.  *See* R.C. 2111.04(A)(1)(b).  Thus, there is no evidence that the probate court lacked personal jurisdiction over Mr. Guzman.  Accordingly, because it was Mr. Guzman's burden to demonstrate that the judgment was void and the record is devoid of any evidence on

this issue, we cannot say that, even assuming that the juvenile court could have determined the appointment of Ms. Hill as A.H.'s guardian to be void, it erred when it did not do so. *See Tadiran Electronics* at \*2.

{¶5}    Based on his limited arguments on appeal, Mr. Guzman's assignment of error is overruled.

### III.

{¶6}    Mr. Guzman's assignment of error is overruled, and the judgment of Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

PATRICK D. RILEY, Attorney at Law, for Appellant.

MARY CATHERINE BARRETT, Attorney at Law, for Appellee.