[Cite as *State v. Stevens*, 2015-Ohio-4009.]

STATE OF OHIO         )              IN THE COURT OF APPEALS
                              )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                           C.A. No.       27366

       Appellee

       v.                                   APPEAL FROM JUDGMENT
                                          ENTERED IN THE
CORY J. STEVENS                        COURT OF COMMON PLEAS
                                          COUNTY OF SUMMIT, OHIO
       Appellant                       CASE No.      CR 12 08 2481

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

HENSAL, Presiding Judge.

**{¶1}** Cory Stevens appeals from the judgment entry of the Summit County Court of Common Pleas denying his motion to vacate a void sentence. For reasons set forth below, we affirm.

I.

**{¶2}** On March 25, 2013, Mr. Stevens pleaded guilty to one count of rape in violation of Revised Code Section 2907.02(A)(1)(b). The trial court sentenced him to life imprisonment with the possibility of parole after ten years and issued a sentencing entry on April 17, 2013. In the sentencing entry, the trial court wrote that the ten years was "not a mandatory term."

**{¶3}** Mr. Stevens moved to withdraw his guilty plea on May 21, 2013. While that motion remained pending, the trial court issued a nunc pro tunc on June 4, 2013, which corrected the April 17, 2013 entry to indicate that the ten years prior to parole eligibility was a mandatory term. The trial court denied Mr. Stevens' motion to withdraw his plea on November 13, 2013.

Mr. Stevens subsequently moved to vacate a void sentence, arguing that the nunc pro tunc entry improperly resentenced him without his presence in the courtroom. The trial court denied his motion, and Mr. Stevens has appealed, raising two assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCR[E]TION WHEN IT DENIED APPELLANT'S MOTION [TO] VACATE VOID SENTENCE AND FOR RE-SENTENCING PURSUANT TO SECTION 10, ARTICLE I, OHIO CONSTITUTION AND CRIMINAL RULE 43(A)[.]

{¶4} In Mr. Stevens' second assignment of error, he argues that the trial court committed reversible error when it did not vacate its June 4, 2013 nunc pro tunc entry as being a void sentence. Although Mr. Stevens' arguments in support of this assignment of error are difficult to follow, he seems essentially to argue that the trial court materially changed his sentence in the nunc pro tunc entry and, because the trial court did not resentence him in person, this violated his right to be present at all important stages of the proceedings pursuant to Criminal Rule 43.

{¶5} A court may issue a nunc pro tunc to correct a clerical mistake in an entry so that the entry reflects what actually occurred in open court. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30. *See also State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 8 ("Where a sentencing hearing transcript makes clear what the trial court decided, the trial court has jurisdiction to correct typographical errors in a sentencing entry via a nunc pro tunc entry."). However, a nunc pro tunc cannot cure the failure to actually make findings, impose restitution, or inform a defendant of his sentence. *See Bonnell* at ¶ 30, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 16.

{¶6} As noted above, the trial court wrote in the April 17, 2013 sentencing entry that it had sentenced Mr. Stevens to life imprisonment with parole eligibility after ten years. It also wrote that this prison term was "not a mandatory term * * *." The June 4, 2013 nunc pro tunc corrected the entry to say that the prison term "[wa]s a mandatory term * * *." Under the circumstances, the nunc pro tunc would have been appropriate if the trial court had informed Mr. Stevens at his sentencing hearing that his prison term was a mandatory term but then had inadvertently written that the prison term was not mandatory in its April 17, 2013 sentencing entry. *See id*. However, no transcript of the sentencing hearing is in the appellate record, nor was it before the trial court, and, therefore, there is no evidence in the record as to what occurred at the sentencing hearing. Furthermore, nothing in the sentencing entry or the nunc pro tunc indicates that this change was not clerical in nature. "A party seeking to collaterally attack an allegedly void judgment bears the burden of demonstrating that the judgment is void." *See Guzman v. Smarr*, 9th Dist. Lorain No. 11CA010038, 2012-Ohio-3522, ¶ 4. Accordingly, because there is nothing in the record indicating the nunc pro tunc did anything beyond correcting a clerical error, we cannot conclude that Mr. Stevens has demonstrated that the nunc pro tunc entry rendered his sentence void.

{¶7} Mr. Stevens' second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE COURT ABUSED ITS DESCR[E]TION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW [HIS] GUILTY PLEA[.]

{¶8} Mr. Stevens argues in his first assignment of error that the trial court erred when it denied his motion to withdraw his guilty plea. However, the trial court denied his motion to withdraw on November 13, 2013, and Mr. Stevens did not file the current appeal until May 15, 2014. The denial of a postsentence motion to withdraw a guilty plea was a final, appealable

order, and, thus, any appeal of the denial of the motion to withdraw should have been made within 30 days. *See State v. Bennett*, 9th Dist. Summit No. 26241, 2012-Ohio-3664, ¶ 15 ("A denial of a post-sentence motion to withdraw a guilty plea is also a final, appealable order."); App.R. 4(A). However, Mr. Stevens did not do so nor did he move to file a delayed appeal. Furthermore, Mr. Stevens' notice of appeal only included the journal entry denying his motion to vacate a void sentence. *See* App.R. 3(D). Accordingly, Mr. Stevens' first assignment of error is overruled as it is outside the scope of this appeal. *See State v. Cobb*, 9th Dist. Summit No. 26847, 2014-Ohio-1923, ¶ 16.

### III.

**{¶9}** Mr. Stevens' assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

> JENNIFER HENSAL
> FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

CORY J. STEVENS, pro so, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.