[Cite as *State v. Dyer*, 2019-Ohio-1558.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-17-1258

        Appellee                                     Trial Court No. CR0201702122

v.

Jesse E. Dyer, Jr.                                    **DECISION AND JUDGMENT**

        Appellant                                    Decided:  April 26, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jesse E. Dyer, Jr., appeals from the September 28, 2017 judgment

of the Lucas County Court of Common Pleas convicting him of two counts of rape, a

violation of R.C. 2907.02(A)(2) and (B) following acceptance of his guilty plea pursuant

to *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  The

court sentenced appellant to two eight-year mandatory terms of imprisonment, to be served consecutively. For the reasons which follow, we affirm.

{¶ 2} On June 30, 2017, appellant was indicted on two counts of rape of a person under the age of 13, in violation of R.C. 2907.02(A)(1)(b) and (B). Each count included a special finding that the victim was under the age of 10. On September 27, 2017, two additional counts were added by an information charging appellant with two counts of rape by force or threat of force, in violation of R.C. 2907.02(A)(2) and (B). R.C. 2907.02(A)(2), effective Jan. 1, 2008, provided: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 3} On September 28, 2017, pursuant to a plea agreement, appellant entered an "*Alford*" guilty plea to counts 3 and 4 and was convicted of the offenses charged in the information. Appellant appeals and asserts the following assignments of error.

I. APPELLANT'S PLEAS WERE NOT VOLUNTARILY AND INTELIGENTLY [SIC] MADE.

II. THE JUDGMENT ENTRY OF SENTENCE IMPOSING MANDATORY PRISON TIME WAS ERRONIOUS.

{¶ 4} In his first assignment of error, appellant challenges that the trial court should not have accepted his "*Alford*" guilty plea because it was not voluntarily and intelligently made.

{¶ 5} A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v.*

2.

*Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 6} Fed.R.Crim.P. 11(b)(3) requires that the trial court determine where there is a factual basis for a guilty plea before accepting it, whether a guilty plea or an "*Alford*" guilty plea is given. *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir.1995). Federal courts have held that this requirement does not require a trial-like inquiry into the facts, *United States v. Morrow*, 914 F.2d 608, 611 (4th Cir.1990), and the trial court has the discretion to determine whether it has a sufficient factual basis to assess the rationality in making a guilty plea. *Id.*; *United States v. Riascos-Suarez*, 73 F.3d 616, 622 (6th Cir.1996), *superseded by statute on other grounds as stated in United States v. Cooper*, E.D.Mich. No. 08-20464, 2012 U.S. Dist. LEXIS 498, *25 (Jan. 4, 2012).

{¶ 7} Under Ohio Crim.R. 11, however, when a defendant enters a plea of guilty or no contest, the plea "is an admission of the facts alleged in the indictment, information, or complaint" and the trial court does not have an obligation under Crim.R. 11 to determine whether there was a factual basis for the plea. Crim.R. 11(B)(2); *State v. Post*, 32 Ohio St.3d 380, 386-387, 513 N.E.2d 754 (1987), *overruled in part on other grounds by State v. McDermott*, 72 Ohio St.3d 570, 574, 651 N.E.2d 985 (1995); *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶ 8; *State v. Battigaglia*, 6th Dist. Ottawa Nos. OT-09-009, OT-09-010, 2010-Ohio-802, ¶ 24; *State v. Rice*, 6th Dist. Lucas No. L-06-1343, 2007-Ohio-6529, ¶ 25-26.

{¶ 8} Nonetheless, because an *Alford* guilty plea is a waiver of a right to trial and consent to the conviction of guilty with a protestation of innocence, *Alford*, 400 U.S. at 3.

37, 91 S.Ct. 160, 27 L.Ed.2d 162, we have held that further inquiry into the factual basis for the charges is necessary when an *Alford* guilty plea is entered and the defendant raises on appeal the issue of whether his plea is constitutionally valid. *State v. Drzayich*, 2016-Ohio-1398, 62 N.E.3d 850, ¶ 13 (6th Dist.); *State v. Bryant*, 6th Dist. Lucas No. L-03-1359, 2005-Ohio-3352, ¶ 9; *State v. Nicely*, 6th Dist. Fulton No. F-99-014, 2000 Ohio App. LEXIS 2883, *4 (June 30, 2000). To determine if the plea is constitutionally valid (i.e., it was knowingly, intelligently and voluntarily made), the trial court must conduct a specific colloquy with the defendant and consider the factual record to determine if there is strong factual evidence of guilt and the plea was a rational decision. *Alford* at 38; *Bryant, supra,* citing *Nicely, supra,* and *State v. Padgett*, 67 Ohio App.3d 332, 338, 586 N.E.2d 1194 (2d Dist.1990). *See also Post* at 386-387 (discussing application of the above-mentioned dicta in *Alford*, to a guilty plea which included some protestations of innocence).

{¶ 9} Other appellate courts have also required, based on the language in *Alford,* that the "basic factual framework for the charge and plea" must be presented at the hearing so the trial court can determine if the plea was voluntarily, knowingly, and intelligently made. *State v. Gibson*, 7th Dist. Mahoning No. 17 MA 0029, 2018-Ohio-4725, ¶ 8; *State v. Underwood*, 5th Dist. Muskingum No. CT2017-0024, 2018-Ohio-730, ¶ 18.

{¶ 10} In presenting the basic factual framework for the charge and plea, the recitation of the facts by the state need not include every significant fact supporting the charges where such information is otherwise included in the record. *See Drzayich*, 2016-4.

Ohio-1398, 62 N.E.3d 850, at ¶ 15-16 (the trial court sufficiently evaluated the plea when one relevant fact was included only in the indictment and information); *State v. Remines*, 9th Dist. Lorain No. 97CA006700, 1998 Ohio App. LEXIS 696, *7 (Feb. 25, 1998) (trial court properly relied upon the bill of particulars to assess the basic facts supporting the charges).

{¶ 11} At the plea hearing in the case before us, the prosecution set forth the factual basis for the plea as follows:

Jesse Dyer, on or between the 23rd day of November, 2016 and the 31st day of December, 2016, did knowingly have sexual conduct with another when the offender purposely compelled the other person to commit by force or threat of force, in violation of 2907.02(A)(2) and (B), rape, being a felony of the 1st degree.

The State would have shown beyond a reasonable doubt two separate and distinct acts of sexual conduct. Specifically, * * * through the testimony of the child victim with the initials AS, that Jesse Dyer was her mother's boyfriend and was an authority figure to her. The child would have testified that Jesse Dyer penetrated her butt and her mouth with his penis on 2 separate occasions."

{¶ 12} Appellant argues the prosecution did not assert that any subtle or slight force was involved. He contends that even in the case of an authority figure, there must be some subtle, slight, psychological, or emotionally powerful force involved.

{¶ 13} We agree that to establish a conviction for rape under R.C. 2907.02(A), the prosecution must establish that at a least minimal force or threat of force was used in the commission of the offense. *State v. Dye*, 82 Ohio St.3d 323, 328, 695 N.E.2d 763 (1998). However, evidence of force can be implied from evidence of the "age, size, and strength of the parties and their relation to each other." *Id*. In this case, the prosecution met this burden by asserting the child victim would testify how she was assaulted by appellant who was an authority figure to the child. Furthermore, while appellant pled to counts 3 and 4, which do not require that the victim be a child of a certain age, the indictment alleged the child victim was under 10 years of age.

{¶ 14} Therefore, we find there was sufficient factual information for the trial court to determine there was a strong factual basis for the charges and the plea was rationally made and, therefore, was constitutionally valid. Therefore, we find appellant's first assignment of error not well-taken.

{¶ 15} In his second assignment of error, appellant argues that the trial court erred as a matter of law by failing to inform him that his prison term would be mandatory as required by R.C. 2929.19(B)(2)(a).

{¶ 16} The record reflects the court informed appellant prior to the entry of a plea that all of the sentences for the offenses to which he was entering an *Alford* plea "required mandatory prison terms" and appellant acknowledged he understood. The written plea agreement also included notice that the offense of rape alleged in both counts carried a mandatory prison term of 3-11 years. However, later in the hearing when the

6.

court imposed the sentences for each conviction, the court did not indicate that the prison terms imposed were mandatory. The trial court did include in its sentencing entry that the prison terms were mandatory.

{¶ 17} R.C. 2929.19(B)(7) provides that the failure to notify the defendant that the sentence was mandatory does not affect the validity of the sentence. *State v. Vancleve*, 12th Dist. Clermont No. CA2016-06-039, 2016-Ohio-7546, ¶ 18. Therefore, we find appellant's second assignment of error not well-taken.

{¶ 18} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowsk, J.      _____
JUDGE

Arlene Singer, J.     

Thomas J. Osowik, J.      _____
CONCUR.      JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

7.