[Cite as *State v. Stevens*, 2019-Ohio-2808.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29131 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CORY J. STEVENS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2012-08-2481 |

## DECISION AND JOURNAL ENTRY

Dated: July 10, 2019

---

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Cory J. Stevens appeals, pro se, the judgment of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.

I.

**{¶2}** This Court previously summarized the factual and procedural history of this case as follows:

> On March 25, 2013, Mr. Stevens pleaded guilty to one count of rape in violation of [R.C.] 2907.02(A)(1)(b). The trial court sentenced him to life imprisonment with the possibility of parole after ten years and issued a sentencing entry on April 17, 2013. In the sentencing entry, the trial court wrote that the ten years was "not a mandatory term."

*State v. Stevens*, 9th Dist. Summit No. 27366, 2015-Ohio-4009, ¶ 2. Mr. Stevens did not file a direct appeal.

Mr. Stevens moved to withdraw his guilty plea on May 21, 2013. While that motion remained pending, the trial court issued a nunc pro tunc on June 4, 2013, which corrected the April 17, 2013 entry to indicate that the ten years prior to parole eligibility was a mandatory term. The trial court denied Mr. Stevens' motion to withdraw his plea on November 13, 2013. Mr. Stevens subsequently moved to vacate a void sentence, arguing that the nunc pro tunc entry improperly resentenced him without his presence in the courtroom. The trial court denied his motion[.]

*Id.* at ¶ 3. Stevens appealed and raised two assignments of error. *Id.* In his second assignment of error, Stevens seemed to argue that the nunc pro tunc entry was void because it materially changed his sentence and because he was not resentenced in person. *Id.* at ¶ 4. This Court noted, however, that the appellate record did not include a transcript of the sentencing hearing and concluded that Mr. Stevens had not demonstrated that the nunc pro tunc entry did anything beyond correcting a clerical error. *Id.* at ¶ 6. In his first assignment of error, Mr. Stevens argued that the trial court erred when it denied his motion to withdraw his guilty plea. This Court did not reach the merits of Mr. Stevens' first assignment of error, however, because it determined that Mr. Stevens' appeal was both untimely as it related to that order and outside the scope of the appeal since Mr. Stevens had not included the journal entry denying his motion to withdraw in his notice of appeal. *Id.* at ¶ 8.

**{¶3}** On January 14, 2016, Mr. Stevens filed a second motion to withdraw his guilty plea, arguing that the trial court's nunc pro tunc entry was a breach of the plea bargain and that his trial counsel was ineffective. The trial court declined to review Mr. Stevens' motion, determining that it was duplicative and that the court had already ruled on the issues presented.

{¶4} On January 8, 2018, Mr. Stevens filed a third motion to withdraw his guilty plea arguing that his guilty plea must be vacated to correct a manifest injustice because he "could not have intelligently accepted his plea of guilty if he was not advised by the trial court that his time was a mandatory sentence." Mr. Stevens asserted that a review of the transcript of his sentencing hearing shows that he was never advised that his sentence included mandatory time. The trial court denied Mr. Stevens' motion on three alternative grounds: first, the trial court determined that it did not have jurisdiction to consider the motion because Mr. Stevens' conviction had already been affirmed by this Court; second, the trial court determined that even if it did have jurisdiction, the doctrine of res judicata barred the court from considering his motion; and finally, the trial court determined that even if it were to consider the merits of Mr. Stevens' motion, "the record clearly shows he was provided with the terms of his plea, that he accepted the plea and that the [c]ourt's nunc pro tunc [j]ournal [e]ntry is consistent with the information provided to him prior to his guilty plea."

{¶5} Mr. Stevens filed this timely appeal, raising five assignments of error for our review. As the assignments of error present the same issue, we elect to consider them together.

## II.

### Assignment of Error I

**The trial court abused its discretion when it denied [Stevens'] motion to withdraw his guilty plea[.]**

## Assignment of Error II

**[Stevens'] acceptance of his plea was not made knowingly or intelligently[.]**

## Assignment of Error III

**The trial court abused its discretion by applying res judicata to an improper nunc pro tunc order[.]**

## Assignment of Error IV

**The trial court was in error when it applied the doctrine of res judicata when [Stevens] could show his guilty plea was not valid[.]**

## Assignment of Error V

**The trial court failed to substantially comply with [Crim.R.] 11 in regards whether [sic] [Stevens] understood if his time was mandatory[.]**

{¶6} As an initial matter, we note that Mr. Stevens has appealed pro se and that his arguments in support of his assignments of error are difficult to follow. With respect to pro se litigants, this Court has observed that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party."

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. Accordingly, we will address Mr. Stevens' assignments of error with this standard in mind.

{¶7}    Mr. Stevens' first assignment of error states that the trial court abused its discretion when it denied his motion to withdraw his guilty plea.  However, the argument in the body of the assignment of error appears to state that Mr. Stevens was again attempting to collaterally attack the nunc pro tunc entry as improper under the circumstance.  In his second assignment of error, Mr. Stevens asserts that his plea was not made knowingly and intelligently in light of the trial court's alleged failure "to inform him that his plea required a mandatory sentence."  Mr. Stevens asserts in his third assignment of error that the trial court abused its discretion when it determined that res judicata barred him from challenging the nunc pro tunc entry and in his motion to withdraw his guilty plea.  Mr. Stevens' fourth assignment of error states that the trial court erred when it applied res judicata where Mr. Stevens was able to show his guilty plea was not valid, but appears to assert in the body of his argument that his sentence was void.  Finally, in his fifth assignment of error, Mr. Stevens argues that the trial court erred when it applied res judicata to his motion to withdraw where the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) when it did not inform him that he was subject to a mandatory prison term.

{¶8}    "The doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. Boware*, 9th Dist. Summit No. 27466, 2014-Ohio-5779, ¶ 6, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.  "This Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata." *State v. Kimbro*, 9th Dist. Lorain No. 13CA010506, 2014-

Ohio-4869, ¶ 7, citing *State v. Miller*, 9th Dist. Lorain No. 03CA008259, 2003-Ohio-6580, ¶ 9. Accordingly, "[a]n offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion." *Kimbro* at ¶ 7, citing *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7-8.

{¶9} However, "the doctrine of res judicata does not preclude review of a void sentence[.]" *State v. Allshouse*, 9th Dist. Summit No. 27901, 2016-Ohio-5210, ¶ 9, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. On appeal, Mr. Stevens appears to argue that his sentence is void because, as he alleges, "the trial court failed to inform him that his plea required a mandatory sentence."

{¶10} Pursuant to R.C. 2929.19(B)(2)(a), "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term[.]" The trial court is also required by R.C. 2929.19(B)(2)(b) to include this information in the sentencing entry. However, R.C. 2929.19(B)(7) further provides that "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term * * * or to include in the sentencing entry any information required by [R.C. 2929.19(B)(2)(b)] does not affect the validity of the imposed sentence or sentences." Thus, even assuming that the trial court failed to inform Mr. Stevens that his sentence was mandatory, such an omission "does not render the sentence void." *State v. Johnson*, 5th Dist. Delaware No. 16CAA030011, 2016-Ohio-4617, ¶ 21; *see State v. Benitz-Maranon*, 9th Dist. Summit Nos. 26461, 26659, 2014-Ohio-3575, ¶ 15 (determining that the appropriate remedy for a trial court's

failure to comply with R.C. 2929.19(B)(2)(a) is to remand the matter to the trial court to provide the notification); *see also State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, ¶ 18-19 (stating that the failure of the trial court to use the term "mandatory" was irrelevant because the prison term was mandatory by operation of law).

{¶11} Therefore, we conclude that since the trial court's alleged failure to inform Mr. Stevens that his prison term was mandatory did not render his sentence void, the trial court did not err in denying Mr. Stevens' third successive motion to withdraw his guilty plea on the basis of res judicata.

{¶12} Mr. Stevens' assignments of error are overruled.

### III.

{¶13} Mr. Stevens' five assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P.J.
HENSAL, J.
CONCUR.


APPEARANCES:

CORY J. STEVENS, Pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.