[Cite as *State v. Rodriguez*, 2023-Ohio-805.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111466 |
| v. | : | |
| ADAM RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART,
AND REMANDED FOR RESENTENCING
**RELEASED AND JOURNALIZED:** March 16, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-647064-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee*.

Brian R. McGraw, *for appellant*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Adam Rodriguez ("Rodriguez"), appeals from his sentence. He raises the following assignments of error for review:

1. The trial court erred in imposing an indefinite sentence (the "Reagan Tokes" sentencing law).

2. The trial court erred in ordering that all time given in this sentence be served as "mandatory time."

3. The trial court erred when it advised/ordered that Rodriguez is not eligible for judicial release.

{¶ 2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶ 3} On December 27, 2019, Rodriguez was named in a five-count indictment, charging him with kidnapping in violation of R.C. 2905.01(A)(2), with one- and three-year firearm specifications, a repeat-violent-offender specification, and a notice-of-prior-conviction specification (Count 1); kidnapping in violation of R.C. 2905.01(B)(1), with one- and three-year firearm specifications, a repeat-violent-offender specification, and a notice-of-prior-conviction specification (Count 2); aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications, a repeat-violent-offender specification, and a notice-of-prior conviction specification (Count 3); impersonation of certain officers in violation of R.C. 2921.51(E), with one- and three-year firearm specifications, and a forfeiture-of-property specification (Count 4); and having weapons while under disability in violation of R.C. 2923.13(A)(2), with one- and three-year firearm specifications (Count 5). The indictment stemmed from allegations that Rodriguez kidnapped the teenage victim, A.G., under the guise that he was a police officer.

{¶ 4} On June 30, 2021, Rodriguez withdrew his previously entered plea of not guilty and accepted the terms of a negotiated plea agreement with the state. At the conclusion of a Crim.R. 11 plea colloquy, Rodriguez pleaded guilty to kidnapping in violation of R.C. 2905.01(B)(1), a felony of the first degree, with a three-year firearm specification, a repeat-violent-offender specification, and a notice-of-prior conviction specification (amended Count 2); impersonation of certain officers in violation of R.C. 2921.51(E), a felony of the third degree, with a forfeiture-of-property specification (amended Count 4); and having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree ( amended Count 5). In exchange for his guilty pleas, the remaining counts and specifications were nolled.

{¶ 5} Satisfied that the pleas were knowingly, voluntarily, and intelligently made, the trial court accepted Rodriguez's guilty pleas and referred him to the county probation department for a presentence-investigation report ("PSI").

{¶ 6} On August 23, 2021, the trial court sentenced Rodriguez to three years in prison on the firearm specification attached to amended Count 2, to run prior and consecutive to an indefinite prison term of 11 to 16.5 years on the underlying kidnapping offense. Rodriguez was further sentenced to three years in prison on amended Count 4, and three years in prison on amended Count 5. The sentences imposed on amended Counts 2 and 4 were ordered to run consecutively. Finally, the sentence imposed on amended Count 5 was ordered to run concurrently with the remaining prison terms.

{¶ 7} Rodriguez now appeals from his sentence.

## II. Law and Analysis

### A. The Reagan Tokes Law

{¶ 8} In the first assignment of error, Rodriguez argues the trial court erred by imposing an indefinite sentence pursuant to the Reagan Tokes Law. He contends the Reagan Tokes Law is unconstitutional because it violates the separation-of-powers doctrine and his right to due process under the Ohio and United States Constitutions.

{¶ 9} Consistent with the well-establish precedent of this court, we find no merit to the constitutional challenges raised within this assigned error. The question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble,* 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *See Delvallie* at ¶ 17. Because Rodriguez does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are without merit.

{¶ 10} The first assignment of error is overruled.

## B. Mandatory Prison Term and Eligibility for Judicial Release

{¶ 11} In the second assignment of error, Rodriguez argues the trial court erred by advising him at the time of sentencing that each of his convictions carried mandatory prison terms as contemplated under R.C. 2929.13(F). In the third assignment of error, Rodriguez argues the trial court erred when it advised him at the time of sentencing that he is not eligible for judicial release on amended Count 4. We address these assignments of error together because they are related.

{¶ 12} Preliminarily, we note that Rodriquez failed to object to the imposition of a mandatory sentence at the sentencing hearing and, therefore, has forfeited all but plain error. *See* Crim.R. 52(B); *State v. Worth*, 10th Dist. Franklin No. 10AP-1125, 2012-Ohio-666, ¶ 84. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to be "plain" within the meaning of Crim.R. 52(B), it "'must be an "obvious" defect in the trial proceedings.'" *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). A reviewing court notices plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "The burden of demonstrating plain error is on the party asserting it." *Payne* at ¶ 17.

{¶ 13} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d

516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support the sentencing court's findings under certain statutes, or (2) the sentence is otherwise contrary to law. *Id*. at ¶ 9, citing R.C. 2953.08(G)(2). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 14} A criminal "sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28. Fundamentally, "[c]rimes are statutory, as are the penalties." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). It is well recognized that "[a] trial court has 'no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute.'" *State v. Bursley*, 6th Dist. Huron No. H-19-014, 2021-Ohio-1613 ¶ 9, quoting *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 18, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 12. Thus, a sentence is contrary to law when it is "in violation of statute or legal regulations at a given time." *State v. Jones*, 162 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, citing *Black's*

*Law Dictiona*ry 328 (6th Ed.1990); *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶ 15} As stated, Rodriguez's conviction for impersonating a peace officer was governed by R.C. 2921.51(E). That section states that "[n]o person shall commit a felony while impersonating a peace officer, private police officer, a federal law enforcement officer, officer, agent, or employee of the state, or investigator of the bureau of criminal identification and investigation." A violation of R.C. 2921.51(E) is a felony of the third degree. R.C. 2921.51(G). Pursuant to R.C. 2929.14(A)(3)(b), Rodriguez's third-degree felony conviction carried a definite prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶ 16} Relevant to this appeal, R.C. 2929.13(F) addresses mandatory prison terms and prohibits a sentencing court from reducing the term of a sentence it imposes for certain crimes. The statute provides, in relevant part:

> (F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under * * * section 2929.14 * * * of the Revised Code and except as specifically provided in section 2929.20, divisions (C) to (I) of section 2967.19, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to * * * section 2967.193, or any other provision of Chapter 2967 * * * for any of the following offenses:
>
> * * *
>
> (6) Any offense that is a first or second degree felony and that is not set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony, or an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses;

* * *

> (8) Any offense, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm[.]

R.C. 2929.13(F)(4). Under the plain language of R.C. 2929.13(F), a sentencing court is required to impose a prison term for certain serious offenses and may not reduce the defendant's prison term pursuant to R.C. 2929.20 (judicial release); R.C. 2967.193 (earned credit); or any other provision of R.C. Chapter 2967, except in certain enumerated circumstances not implicated in this case. *See State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 16.

{¶ 17} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term." R.C. 2929.19(B)(2)(a). "The trial court is also required by R.C. 2929.19(B)(2)(b) to include this information in the sentencing entry." *State v. Stevens*, 9th Dist. Summit No. 29131, 2019-Ohio-2808, ¶ 10. However, "'[t]he failure of the court to notify the offender that a prison term is a mandatory prison term * * * or to include in the sentencing entry any information required by [R.C. 2929.19(B)(2)(b)] does not affect the validity of the imposed sentence or sentences.'" *Id.*, quoting R.C. 2929.19(B)(7). *See also State v. Dyer*, 6th Dist. Lucas No. L-17-1258, 2019-Ohio-1558, ¶ 17, citing *State v. Vancleve*, 12th Dist. Clermont No. CA2016-06-039, 2016-Ohio-7546, ¶ 18.

{¶ 18} In this case, the trial court sentenced Rodriguez to a definite, three-year term of imprisonment on amended Count 4. The trial court then sentenced Rodriquez on the remaining felony offenses and explained its basis for running amended Counts 2 and 4 consecutively. At the conclusion of the sentencing hearing, the trial court made the following statement on the record:

> The entirety of your prison sentence is mandatory and you are not eligible for good time credit or judicial release.

(Tr. 64.) The trial court's characterization of Rodriquez's sentence and his ineligibility for sentencing reductions under R.C. 2929.13(F) was not incorporated into the court's sentencing journal entry.

{¶ 19} On appeal, Rodriguez does not challenge the trial court's consideration of the purposes and principles of felony sentencing, or the court's compliance with R.C. 2929.14(C)(4). Rather, Rodriguez argues the trial court misapplied R.C. 2929.13(F) when determining that he was subject to a mandatory prison term on amended Count 4, and therefore, was ineligible for judicial release under R.C. 2929.20, or earned credit under R.C. 2967.193. Rodriquez contends that "impersonation of a police officer is not listed as one of the offenses for which a mandatory prison sentence is required and the trial judge, without statutory authority, may not mandate that a sentence be mandatory."[1]

---

[1] Neither Rodriquez nor the state raise arguments relating to amended Counts 2 of 5. Because Rodriquez's argument is limited to the sentence imposed on third-degree felony offense of impersonation of certain officers, we decline to analyze the sentences imposed on the remaining felony offenses. *See* App.R. 16(A)(7).

{¶ 20} Recognizing the narrow language of R.C. 2929.13(F), the state concedes the error, agreeing that the three-year prison term imposed on amended Count 4 is "not mandatory." The state's concession is substantial given the implications of R.C. 2929.13(F) and its relevance to appellant's eligibility for judicial release and/or other sentencing reductions.

{¶ 21} After careful consideration, we agree with the state's interpretation of the facts and the applicable sentencing provisions. In this case, Rodriquez's three-year prison sentence on amended Count 4 is clearly within the range indicated for a third-degree felony. As recognized by the state, however, none of the provisions of R.C. 2929.13(F) caused the three-year prison sentence to be a mandatory term.[2] By incorrectly concluding that amended Count 4 carried a mandatory prison term pursuant to R.C. 2929.13(F), the trial court made an inaccurate statement on the record concerning Rodrigues's eligibility for earned credit and judicial release, and likely failed to consider the directives of R.C. 2929.13(C) when imposing a sentence on the third-degree felony offense. *See State v. Robinson*, 8th Dist. Cuyahoga No. 99080, 2013-Ohio-2698, ¶ 10 (Under R.C. 2929.13(C), "third degree felonies carry no presumption for either prison or community control."); *State v. Stewart*, 8th Dist. Cuyahoga No. 104402, 2017-Ohio-740, ¶ 10 ("[T]he decision whether to impose prison or community control sanctions lies squarely within the discretion of the trial court.").

---

[2] In this regard, the state's decision to delete the firearm specification previously attached to the impersonation offense during plea negotiations was significant. R.C. 2929.13(F)(8).

{¶ 22} Because the trial court imposed a mandatory prison term on amended Count 4 when a mandatory term was not authorized by statute, we clearly and convincingly find Rodriguez's sentence contrary to law. *See Bursley* at ¶ 9 ("[A] trial court errs if it imposes a mandatory prison term when a mandatory term is not authorized by statute, and that sentence is contrary to law."), citing *State v. McClellan*, 2020-Ohio-5551, 163 N.E.3d 1202 ¶ 13 (6th Dist.). *See also State v. Thomas*, 1st Dist. Hamilton No. C-210312, 2022-Ohio-451; *State v. Whittenburg*, 8th Dist. Cuyahoga No. 109700, 2022-Ohio-803, ¶ 6, citing *State v. Walters*, 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶ 2 (although appellant did not object to the imposition of the sentence at the sentencing hearing, the sentence imposed by the trial court was * * * contrary to law, and therefore constituted plain error).

{¶ 23} Accordingly, we sustain the second and third assignments of error.

{¶ 24} Judgment affirmed in part, reversed in part, and remanded for resentencing on amended Count 4.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.