[Cite as *State v. Koperski*, 2024-Ohio-2838.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No.  WD-23-029

       Appellee                               Trial Court No. 2022CR0262

v.

William Charles Koperski                   **DECISION AND JUDGMENT**

       Appellant                               Decided:   July 26, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal by appellant, William Koperski, from the May 1, 2023 judgment of the Wood County Court of Common Pleas.  For the reasons that follow, we affirm the judgment.

**{¶ 2}** Koperski sets forth two assignments of error:

> 1. The trial court committed reversible error when it accepted
>
> appellant's Alford [sic] plea without finding there was a factual
>
> basis[.]

2. The trial court erred when it failed to inquire of appellant as to the basis of his guilty plea pursuant to North Carolina v. Alford [sic] and therefore appellant's plea was not voluntary and knowing.

**Background**

{¶ 3} On July 7, 2022, Koperski was indicted on three felony counts: Count 1, rape of a victim under ten years of age, a first-degree felony, which carries a sentence of life in prison without the possibility of parole; Count 2, sexual battery of a victim less than thirteen years of age, a second-degree felony; and Count 3, gross sexual imposition of a victim less than 13 years of age, a third-degree felony. At that time, Koperski was in prison ("current prison term") following his convictions for aggravated vehicular homicide and possession of drugs. Koperski pled not guilty to the three counts in the indictment.

{¶ 4} On February 9, 2023, a plea hearing was held, at which Koperski tendered a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to an amended Count 2, sexual battery, with the age of the victim (less than 13 years old) removed, reducing the offense to a third-degree felony. The plea agreement also provided Counts 1 and 3 of the indictment would be dismissed and the State would recommend that Koperski's prison sentence run concurrent to his current prison term.

{¶ 5} Before accepting Koperski's plea, the trial court inquired of the State regarding the facts of the case, but the defense sought a stipulation to the facts, with which the State had no issue. The court recognized the stipulation, and that the State had

2.

enough evidence to convict Koperski. The court accepted Koperski's plea, found that he entered his plea knowingly, voluntarily and intelligently, and found him guilty. The court ordered a presentence investigation report.

{¶ 6} On April 21, 2023, the sentencing hearing was held. The court advised Koperski that he had to register as a Tier III sexual offender and explained the registration duties. Next, the court stated on the record that it "just want[ed] to make sure it's clear . . . if it wasn't clear during the plea, that the reason that Mr. Koperski entered that plea was because the consequences of trial were too great compared to entering the plea." The court then dismissed Counts 1 and 3 of the indictment and sentenced Koperski to 60 months in prison, to be served concurrently with Koperski's current prison term.

{¶ 7} Koperski appealed.

### First Assignment of Error

**Koperski's Arguments**

{¶ 8} Koperski argues that when accepting an *Alford* plea, the trial court must ensure the defendant made a rational calculation to plead guilty, despite protestations of innocence, by inquiring into the factual basis for the plea, but when his plea was accepted, the court failed to inquire into the factual basis of the State's evidence. Koperski asserts that "[w]ithout any evidence the court did not have the factual basis to accept [his *Alford* ] plea, as it could not determine the likelihood that [Koperski] could be

3.

convicted on offenses of equal or greater magnitude than the offenses to which [Koperski] entered a plea was great enough to warrant [Koperski's] decision."

{¶ 9} In support, Koperski cites to, inter alia, *State v. Battigaglia*, 2010-Ohio-802, ¶ 22 (6th Dist.),[1] where this court set forth that the trial court must ensure that a defendant made a rational calculation to plead guilty, by inquiring about the factual basis for the plea. To that end, the court must ask the defendant his or her reasons for the guilty plea, and the court must inquire into the State's evidence to ascertain that the likelihood of a conviction, on an offense of equal or greater magnitude than the offense to which the defendant entered a plea, is sufficient enough to warrant such a decision. *Id.*

{¶ 10} Koperski argues that absent the factual basis for the plea, the trial court could not ensure that his plea was voluntary, knowing, and reasonable. In addition, Koperski asserts that without any factual basis, the court had no information to determine that it was more likely than not Koperski would be found guilty of an offense equal or greater in magnitude than that to which he entered the plea.

**State's Arguments**

{¶ 11} The State argues Koperski requested a stipulation to the facts at the time that he entered his plea, but he now claims his plea was improper because an appropriate factual basis supporting his plea was not placed on the record during his plea hearing.

---

[1] We note the case citations in Koperski's brief do not comply with Loc.R. 10(C) of the Sixth District Court of Appeals. That rule states, inter alia, that "[c]itations shall conform to the Writing Manual A Guide to Citations, Style, and Judicial Opinion Writing issued by the Supreme Court of Ohio (2013)." We further note that after Koperski's brief was filed, the latest edition of the manual went into effect, on June 17, 2024.

4.

The State asserts that Koperski cannot have it both ways - he cannot request that the State stipulate that there was a sufficient factual basis for his plea, in order to stop the State from placing those facts on the record at the time of his plea, but then argue later that an appropriate factual basis supporting his plea was not placed on the record during his plea hearing. The State submits that since Koperski was the one who specifically caused such an error to occur, he is barred from raising this as error, pursuant to the doctrine of invited error. In support, the State cites to, inter alia, *State v. Urbanek*, 2023-Ohio-2249, ¶ 81 (6th Dist.), citing *State v. Grate*, 2020-Ohio-5584, ¶ 197 ("Under the doctrine of invited error, a litigant may not take advantage of an error which he himself invited or induced.").

{¶ 12} The State further argues that even without Koperski inviting the error, his arguments still fail, based on *State v. Morris*, 2020-Ohio-704 (6th Dist.).

{¶ 13} In *Morris*, this court set forth, citing *State v. Griggs*, 2004-Ohio-4415, ¶ 13, that with an *Alford* plea, a defendant pleads guilty but maintains actual innocence of the charge. *Id.* at ¶ 11. We further set forth, citing *In re Kirby*, 2004-Ohio-970, ¶ 15, that "[t]he standard of validity of an *Alford* plea is 'a criminal defendant may enter a guilty plea while maintaining his innocence provided that the plea is entered voluntarily, knowingly, and intelligently and that some factual basis exists to support the allegations in the indictment.'" *Id.* In addition, we set forth that "'"[b]efore accepting an *Alford* plea, the trial court must . . . require the state to show a basic factual framework for the charge and plea.'" (Citation omitted.) *State v. Woods*, . . . 2014-Ohio-3960, ¶ 6 [(6th

5.

Dist.)]." *Id.* at ¶ 12. We also set forth, citing *State v. Dyer*, 2019-Ohio-1558, ¶ 10 (6th Dist.), that the trial court can rely on the entire record of the case to determine the basic factual framework for the charge and plea. *Id.* Moreover, we recognized:

> The Ohio Supreme Court has outlined the analysis required to determine whether an *Alford* plea has been voluntarily and intelligently made: "[W]here the record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea; (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." *Woods* at ¶ 7, quoting *State v. Piacella*, 27 Ohio St.2d 92, 96, 271 N.E.2d 852 (1971).

*Id.*[2]

{¶ 14} The State further contends that in *State v. Drzayich*, 2016-Ohio-1398, ¶ 15 (6th Dist.), this court ruled that an indictment constitutes part of the record which may be considered in determining the factual sufficiency of an *Alford* plea.

---

[2] Koperski did not argue in his assignments of error that: his plea was the result of coercion, deception or intimidation; his counsel was not present at the time of the plea; his counsel's advice was not competent in light of the circumstances surrounding the plea; or his plea was not made with an understanding of the nature of the charges. As such, we will not address these issues in this opinion.

6.

{¶ 15} The State maintains there is no question from the record that Koperski requested and then reaffirmed that he was stipulating to the facts, so the trial court did nothing improper in accepting Koperski's *Alford* plea.

**Law and Analysis**

{¶ 16} Upon review, the record shows that when Koperski was entering his *Alford* plea at the plea hearing, the trial court inquired of the State regarding the facts of the case, and defense counsel asked, "Aren't we stipulating as to the facts?" The State replied, "That would be fine. Judge, it's an Alford [sic] plea, so I think if the Defense is willing to stipulate that there is a factual basis that would support a finding of guilt without admitting the facts, we would have no issue with that." Defense counsel then represented to the court that Koperski stipulated to the facts. The court addressed Koperski directly and asked him if he heard the foregoing discussion, and Koperski responded in the affirmative. The court recognized there was a stipulation to the facts and that the State had enough evidence to convict Koperski.

{¶ 17} It has long been the law in Ohio that "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus. What is more, in *State v. McDowell*, 1993 WL 381576, *3 (6th Dist. Sept. 30, 1993), this court addressed the exact argument Koperski now makes, albeit with a guilty plea rather than an *Alford* plea. McDowell assigned as error that "the trial court erred in failing to make a determination that there was a factual basis for accepting [his] guilty plea." *Id.* This court specified

7.

that McDowell's "counsel explicitly waived any presentation of facts prior to the court's acceptance of the guilty plea. Therefore, if the court erred, it was invited error." *Id.*

{¶ 18} We find, based upon the record of the case and the applicable law, that the invited error doctrine applies to Koperski's assigned error. At the plea hearing, the trial court inquired about the facts of the case before a stipulation to the facts was requested. As such, Koperski cannot now complain that the trial court erred when it allowed the stipulation to the facts and accepted his *Alford* plea. Accordingly, we find Koperski's first assignment of error not well-taken.

## Second Assignment of Error

{¶ 19} Koperski argues that when the trial court was accepting his *Alford* plea, the court did not question him as to the reason for the plea to amended Count 2, therefore the court could not determine if his "decision to plea, despite his protestations of innocence were made rationally, based on the facts to reduce the risk at trial and to seek a lesser penalty." Koperski relies on *Battigaglia*, 2010-Ohio-802, in support of his argument.[3]

## Law and Analysis

{¶ 20} In *Battigaglia*, as set forth above, the trial court must ensure a defendant made a rational calculation to plead guilty, and must, inter alia, ask the defendant the reasons for entering the guilty plea. *Id.* at ¶ 22.

---

[3] We note that Koperski's second assignment of error states, inter alia, that his plea "was not voluntary and knowing." However, Koperski presented no arguments in his second assigned error that his plea was not voluntary or knowing. We will address only the arguments Koperski actually made.

8.

{¶ 21} A review of the record reveals that, at the plea hearing, the trial court did not specifically question Koperski as to the reasons for his plea. However, case law provides that "when a defendant is not explicitly questioned about his reasons for entering an *Alford* plea, other evidence of his intentions is sufficient to meet the requirement for a showing that he was motivated by a desire to seek a lesser penalty." *State v. Karsikas*, 2015-Ohio-2595, ¶ 23 (11th Dist.). *See also State v. Prinkey*, 2011-Ohio-2583, ¶ 16 (11th Dist.), where the court held that Prinkey's "motivation in entering into the *Alford* plea is evident from the record," as Prinkey was aware the plea included a reduction of the mandatory prison term.

{¶ 22} At Koperski's plea hearing, the State represented to the court that Koperski would enter an *Alford* plea to amended Count 2, "which removes the language indicting [the minor] was less than 13 years of age. That takes it down from an F2 to an F3. At the time of sentencing, the State will dismiss Count 1 and Count 2. The State agrees to recommend the sentence be served concurrently with [Koperski's current] sentence[.]"

{¶ 23} Based on the record and the applicable law, we find Koperski's motivations to enter the *Alford* plea, to avoid trial and benefit from a lighter sentence, are apparent from the record. Koperski was indicted on three felony offenses, one of which carried a life sentence. If Koperski went to trial and was found guilty of the offenses, he would be in prison for life. However, the plea agreement provided Koperski with a greatly reduced punishment, as the life sentence offense and another felony offense would be dismissed at sentencing, the remaining offense would be amended to reduce the degree of the felony,

9.

and the State would recommend the sentence be served concurrently with Koperski's current prison sentence. Therefore, we find the trial court could determine and ensure that Koperski's decision to enter the *Alford* plea was rationally made. Accordingly, we find Koperski's second assignment of error not well-taken.

{¶ 24} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Koperski is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J. _____

JUDGE

Myron C. Duhart, J.

_____

Charles E. Sulek, P.J. JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.